# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERNANDEZ-VEGA, | 1:09-cv-00144 OWW MJS HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| F. GONZALEZ, Warden, | [Doc. #18] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, F. Gonzalez, is represented in this action by Amy Daniel, Esq., of the Office of the Attorney General for the State of California.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to convictions for first degree burglary in 1991, inmate in possession of a weapon in 1998, and possession of a controlled substance in a state prison in 2001. (Court Doc. 1, p. 5.) Petitioner has violated prison rules several times during his incarceration and, as a result, lost work credits. (Id.) He has had some of his lost credits restored. (Id.)

///

Petitioner filed petitions for writs of habeas corpus with the Kern County Superior Court, California Court of Appeal, Fifth Appellate District, and California Supreme Court alleging that he was entitled to additional credit restoration. (Court Doc. 18, Exs. 1-3.) His petitions were denied; the California Court of Appeal and Supreme Court petitions were denied without comment. (Id.)

On January 29, 2009, Petitioner filed this federal petition for writ of habeas corpus in this Court. On November 23, 2009, Respondent filed a motion to dismiss the petition based on Petitioner's failure to state a cognizable claim and exhaust judicial remedies. Petitioner has not opposed the motion.

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or for being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on Petitioner's failure to state a cognizable claim and exhaust judicial remedies. 28 U.S.C. § 2254(a), (b)(1), (d). Accordingly, this Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

he is in custody "in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Harvest v. Castro, 531 F.3d 737, 741 (9th Cir. 2008).

In order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).

In the instant case, Petitioner fails to state a cognizable federal claim.

**1. Conclusory Federal Allegations are Insufficient**

Although Petitioner alleges violations of the United States Constitution, his broad assertions do not transform his claims into federal ones. Merely placing a "due process" label on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1380, 1388-89 (9th Cir. 1996). Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir. 1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion"). A petitioner in federal court cannot merely characterize some state act as unconstitutional and expect the court to explore all possible grounds under each article and amendment of the Constitution. While courts should liberally interpret pro se pleadings with leniency and understanding, doing so

1  should not place on the reviewing court the entire onus of creating a federal claim for the petitioner.

2  In the present matter, Petitioner alleges that he is incarcerated in violation of the Sixth and
3  Fourteenth Amendments "due to [the state of California's] failure to restore time credits as required
4  in state regulations." (Court Doc. 1, p. 4.)  He describes, however, no discernable nexus between the
5  alleged wrongful acts and federal law.   He does not provide any facts to support the suggestion that
6  the alleged failure to restore time credits violated the Constitution or federal law.  He  cites only to
7  state statutes and regulations in support of his claims. (Id. at 4-8.)

8  Generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502
9  U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for
10  errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508
11  U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise
12  to the level of a constitutional violation, may not be corrected on federal habeas").  In addition, "the
13  availability of a claim under state law does not of itself establish that a claim was available under the
14  United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams,
15  489 U.S. 401, 409 (1989).

16  There being no basis for concluding that the allegedly improper credit determinations at issue
17  here violated the Sixth and Fourteenth Amendments or other federal law, Petitioner has failed to
18  state a cognizable ground for federal habeas relief under 28 U.S.C. § 2254(a) or (d).  Accordingly,
19  his petition shall be dismissed.

20  **C.  Failure to Exhaust State Judicial Remedies**

21  Respondent also asserts that the petition should be dismissed based on Petitioner's failure to
22  exhaust state court remedies as required under 28 U.S.C. § 2254(b)(1)(A).  Respondent contends that
23  only state claims, not the federal claims purportedly raised here,  were presented for review before
24  the state courts.

25  Since Petitioner has not alleged any cognizable federal claims, this court need not, and will
26  not,  address whether he properly exhausted his state court remedies. "An application for writ of
27  habeas corpus may be denied on its merits, notwithstanding the failure of the applicant to exhaust the
28  remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2).

**RECOMMENDATION**

Accordingly, the Court hereby recommends that the motion to dismiss be granted and the habeas corpus petition be dismissed without prejudice for Petitioner's failure to state a cognizable ground for federal habeas relief under 28 U.S.C. § 2254(a) or (d).

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 9, 2010         /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE